**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Millennium Auto Sales LLC, | No. CV-20-00322-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Pacific Specialty Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Millennium Auto Sales LLC's ("Millennium") "Motion for New Trial." (Doc. 49). Defendant Pacific Specialty Insurance Company ("PSIC") responded. (Doc. 53). Plaintiff did not file a reply within the time allotted in this Court's June 21, 2022, Order (Doc. 51), but filed a Motion for Extension of Time (Doc. 54) simultaneously with its Reply (Doc. 55) two days later. The Court grants Plaintiff's Motion for Extension of Time (Doc. 54) and accepts the Reply (Doc. 55). The Court now rules.

**I.     BACKGROUND**

On May 18, 2022, the Court granted summary judgment in favor of Defendant, finding that Plaintiff failed to raise a disputed issue of fact as to whether there was coverage for Plaintiff's lawsuit with Gateway One Lending & Finance, LLC ("Gateway") under PSIC's Used Car Dealer Insurance Policy (the "Policy") and its Odometer Endorsement. (Doc. 46 at 19–20). In so finding, the Court held that the Policy's Odometer Endorsement, by its own terms, is limited to lawsuits arising "solely by operation" of a specific federal

odometer law, such that the Gateway lawsuit fell outside the scope of coverage because it did not seek damages under the specified federal odometer law.[1] (*Id.* at 17).

Most of the other relevant underlying facts have been set forth in this Court's May 18, 2022, Summary Judgment Order (Doc. 46), so the Court will not repeat them here.

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a motion for reconsideration can be brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). "Rule 59(e) governs motions filed within 28 days of entry of judgment," and Rule 60(b) applies "if a motion for reconsideration is filed more than 28 days after the judgment." *Wilson v. Yavapai County Sheriff's Office*, No. CV 11-08199-PHX-JAT, 2012 WL 3108843, at *1 (D. Ariz. Jul. 31, 2012) (citing *Coyaso v. Bradley Pac. Aviation, Inc.*, CIV. 11–00267 JMS, 2012 WL 1883718 (D. Haw. May 21, 2012); *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008)). Although Plaintiff cites to both Rules 59(e) and 60(b)(6) for relief, because Plaintiff's Motion was filed within 28 days of this Court's Summary Judgment Order, the Court will apply Rule 59(e).[2]

Additionally, although Plaintiff also cites to Rule 59(a), the Court declines to apply that Rule because no trial took place in this case. *See* Fed. R. Civ. P. 59(a) (outlining the

---

[1] The relevant language of the Odometer Endorsement reads:
> The Company shall pay on behalf of the named insured all sums which the named insured shall become legally obligated to pay as damages solely by operation of Title IV, Odometer Requirements of the Motor Vehicle Information and Cost Savings Act (Public Law 103-272; 108 Stat. 745) because of error or omission committed by the Insured in failing to comply with said Act.

(Doc. 35-6 at 8). Title IV, Odometer Requirements of the Motor Vehicle Information and Cost Savings Act (Public Law 103-272; 108 Stat. 745) is hereinafter referred to as the "Odometer Act."

[2] Even if the Court were to consider this Motion under Rule 60(b)(6), Plaintiff has not adequately addressed the relevant factors for this Court's consideration. Rule 60(b)(6) only applies in extraordinary circumstances not otherwise addressed by Rules 60(b)(1)-(5). *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949). Apart from setting forth the legal standard for Rule 60(b)(6) motions, Plaintiff's Motion does nothing to address extraordinary circumstances that would warrant a relief from judgment under Rule 60(b)(6) or how its arguments do not fit within Rules 60(b)(1)-(5).

requirements for a motion for new trial).

"A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Generally, the Court will deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. L.R.Civ.P. 7.2(g).

### III.  DISCUSSION

#### A.  The Nature of the Underlying Lawsuits

Plaintiff first argues that the Court erred by stating:

> Millennium appears to concede that neither of these lawsuits are asserting claims for damages under the Odometer Act. (Doc. 35-1 at 3–5). Instead, it is undisputed that both of the underlying lawsuits are breach of contract actions, and the Court finds that both fall outside the scope of the Odometer Endorsement's unambiguous language.

(Doc. 49 at 9) (citing Doc. 46 at 17). Plaintiff argues that it "never conceded that Mr. Martin's lawsuit against Gateway did not assert damages under the Odometer Act" and instead specifically states that "the lawsuit Mr. Martin filed against Gateway was because Millennium misrepresented the vehicle's actual mileage or otherwise violated federal and state odometer laws." (*Id.* at 9) (citing Doc. 35-1 at 5). Plaintiff also asserts that there is a dispute of fact as to whether the underlying lawsuits were breach of contract actions. According to Plaintiff, because the Gateway lawsuit alleged that Millennium breached their agreement "solely by misrepresenting the Vehicle's actual mileage or otherwise violating federal and state odometer laws," Mr. Martin's underlying lawsuit must have been based "at least in part, on violation of federal odometer laws, not breach of contract." (*Id.*) In its Reply, Plaintiff then concludes, without support, that the above argument constitutes "evidence that Martin's suit against Gateway included a claim for damages under 49 U.S.C. § 32710 for violation of the Odometer Act." (Doc. 55 at 3).

The Court interpreted the Odometer Endorsement in the Policy as "limited to damages awarded pursuant to the Odometer Act." (Doc. 46 at 16). The Court then noted that Gateway represented in its complaint that Mr. Martin's lawsuit sought recission of his vehicle loan contract because Millennium misrepresented the odometer mileage and that Gateway sought breach of contract damages for Millennium's assignment of Mr. Martin's unenforceable contract to Gateway based on the same. (*Id.* at 17). Plaintiff's Motion for New Trial is attempting to argue that a breach of contract action *based on* Plaintiff's alleged conduct in violating the Odometer Act is the same as one seeking damages under the Odometer Act. The Court disagrees and reiterates its finding that the Odometer Endorsement, by its express terms, is limited to claims for damages awarded under the Odometer Act, for the reasons set forth in its prior Order. (*See* Doc. 46 at 14–17).

Plaintiff's Motion does not provide the Court with any evidence to support its claim that either Mr. Martin's lawsuit or Gateway's lawsuit sought actual damages under the Odometer Act as required for coverage under the Odometer Endorsement. Instead, it is undisputed that Mr. Martin's lawsuit sought recission of his vehicle loan contract and Gateway sought breach of contract damages based on Mr. Martin's recission. (Doc. 35-3 at 4). Regardless of Mr. Martin's underlying reasons for seeking recission as a remedy, Plaintiff has not shown a disputed fact as to whether Mr. Martin or Gateway expressly sought Odometer Act damages, because nowhere in the record is there evidence that either of them did.[3] Without that, there is no genuine issue of fact for trial on whether the underlying lawsuits fall within the scope of the Odometer Endorsement. As such, the Court is not persuaded to reverse its prior holding because Plaintiff has not shown that the Court committed clear error in its reasoning. *See McDowell*, 197 F.3d at 1255.

### B. Negligence

Plaintiff argues that Gateway's allegations of Plaintiff's negligence bring the Gateway lawsuit under the Odometer Endorsement and trigger PSIC's duty to defend.

---

[3] Although Defendant argues that Mr. Martin's underlying lawsuit is irrelevant to this analysis (Doc. 53 at 5), the Court assumes, without deciding, that the allegations in Mr. Martin's underlying lawsuit could trigger coverage under the Odometer Endorsement if he had sought damages under the Odometer Act itself.

(Doc. 49 at 11). However, these arguments were not raised in Plaintiff's original filings on summary judgment and Plaintiff is not arguing that the Court erred in failing to consider these unraised arguments.

Rule 59(e) motions are to be denied unless they present newly discovered evidence, clear error on the part of the Court, or intervening changes in controlling law. *McQuillion*, 343 F.3d at 1014. Plaintiff's argument fails because it does not set forth any of the proper reasons for a Rule 59(e) motion for reconsideration.

### C. Illusory Contracts

Finally, Plaintiff argues that the Court's interpretation of the Odometer Endorsement renders the contract illusory because PSIC's Policy also includes a provision that excludes coverage for contractual disputes. (Doc. 49 at 12). However, Plaintiff appears to misunderstand the Court's interpretation of the Odometer Endorsement.

"An illusory promise is one containing words 'in promissory form that promise nothing' and which 'do not purport to put any limitation on the freedom of the alleged promisor.' *Flores v. American Seafoods Co.*, 335 F.3d 904, 912 (9th Cir. 2003) (citing 2 Corbin on Contracts 142 (rev.ed.1995)). In other words, illusory contracts are unenforceable because they lack mutuality of obligation between the parties. *Shattuck v. Precision-Toyota, Inc.*, 566 P.2d 1332, 1334 (Ariz. 1977). In the insurance context, an illusory policy is one that "defines coverage in a manner that coverage will never actually be triggered." *Crum v. Forster Specialty Insurance Company v. DVO, Inc.*, 939 F.3d 852, 855 (7th Cir, 2019) (quotations omitted).

Here, the Court explicitly held that the Odometer Endorsement is limited in scope to lawsuits seeking damages under the Odometer Act. The Odometer Act clearly provides a private right of action for lawsuits arising from odometer mileage misrepresentations. 49 U.S.C. § 32710 ("A person may bring a civil action to enforce a claim under this section"). Under the Court's interpretation of the Odometer Endorsement, lawsuits seeking damages under the Odometer Act for Plaintiff's alleged errors and omissions in failing to comply with the Odometer Act's provisions regarding odometer mileage disclosures would be

covered by the language of the endorsement. Therefore, the Court does not find the policy language as interpreted renders the Odometer Endorsement illusory or unenforceable.

Moreover, the Court's prior Order does not decide that such an interpretation wholly prevents lawsuits arising from contractual disputes, as Plaintiff alleges. Instead, the Court held that a lawsuit must seek damages under the Odometer Act to be covered. (Doc. 46 at 16). The Court's prior Order did not preclude lawsuits that also seek contract or other types of damages in addition to Odometer Act damages. Accordingly, the Court does not agree with Plaintiff's characterization of the coverage as rendering the Policy illusory and against the reasonable expectations of the insured.

Finally, the Court fully addressed Plaintiff's reasonable expectations arguments in its prior Order and does not need to reiterate them here where Plaintiff does not provide any new arguments for the Court's consideration. (Doc. 46 at 17–19).

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Plaintiff's "Motion for Extension of Time to File Reply to Defendant's Response to Motion for New Trial" (Doc. 54) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's "Motion for New Trial" (Doc. 49) is **DENIED**.

Dated this 11th day of July, 2022.

James A. Teilborg
Senior United States District Judge